# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| INTEGRATIVE CLINICAL TRIALS, LLC, | |
| Plaintiff, | CIVIL NO. |
| v. | |
| ROMARK GLOBAL PHARMA LLC, | |
| Defendant. | |

## COMPLAINT

**TO THE HONORABLE COURT**:

**NOW COMES** Plaintiff Integrative Clinical Trials, LLC ("Integrative"), by and through its undersigned counsel, and hereby brings this action for breach of contract and declaratory judgment against defendant, Romark Global Pharma LLC ("Romark"). Integrative respectfully alleges as follows:

### A. NATURE OF CLAIMS

1. This action arises from Romark's failure and refusal to pay Integrative no less than $263,551.74, exclusive of interest, attorney's fees, and litigation costs, which debt is owed and outstanding, for multi-site clinical trial services provided by Integrative to Romark over the efficacy and safety of Nitazoxanide for post-exposure prophylaxis of COVID-19, and other viral respiratory illnesses in healthcare workers (Protocol RM08-3007). Integrative seeks damages, based on the monies owed, plus interest, and such other and further relief as the Court deems just and proper.

### B. THE PARTIES AND CITIZENSHIP

2. Integrative Clinical Trials, LLC. (Integrative) is a multi-specialty dedicated research facility that conducts clinical research studies on a wide spectrum of trials for the pharmaceutical industry. Integrative is a New York State domestic Limited Liability Company, with headquarters located at 2409 Ocean Avenue Unit #1F, Brooklyn, New York, 11229. Integrative has two members, Michael Yuryev, DO and Inna Yuryev-Golger, MD, both residents of New York, with offices located at 2409 Ocean Avenue Unit #1F, Brooklyn, New York, 11229. Dr. Michael Yuryev, DO., is the principal investigator on the clinical trial that led to this complaint.

3. Romark Global Pharma, LLC is a pharmaceutical entity that does business in Puerto Rico. On information and belief, Romark is a Puerto Rico Limited Liability Company with its principal office at 4003 Carr. 686, Manatí, PR 00874-4273, and designated office address at 361 San Francisco Street, PH, San Juan, PR 00901. Its resident agent is CT Corporation System, with physical address at 361 San Francisco St., PH, San Juan, PR 00901, and mailing address at P.O. Box 9022946, San Juan, PR 00902-2946. On information and belief, Romark has one (1) member, Marc S. Ayers, who is its President and Chief Executive Officer. Mr. Ayers is domiciled in Florida, and his address is 3000 Bayport Drive, Suite 200, Tampa, FL, 33607.

**C.   JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000 and is between citizens of different states.

5. This Court has personal jurisdiction over the defendant according to the clinical trial agreement entered by both parties, where both agree that the sole and exclusive venue and jurisdiction for any action to resolve any dispute, claim or enforcement action arising out of or relating to the Agreement shall be in the state and federal courts in and for Hillsborough County, Florida. *See* Clinical Trial Agreement, **Exhibit 1**, pg. 11, paragraph 19.

6. Because Integrative is a citizen of New York and Romark is a Citizen of Puerto Rico and Florida, and because Romark owes monies in excess of **$263,551.74**, exclusive of interest, attorney's fees, and litigation costs, this court has jurisdiction and venue is proper in the Tampa Division of the Middle District.

7. Venue is proper in this Court according to the Clinical Trial Agreement entered into by both parties, where both agree that the sole and exclusive venue for any action to resolve any dispute, claim or enforcement action arising out of, or relating to, the Agreement, shall be in the state and federal courts in and for Hillsborough County, Florida. *See* **Exhibit 1**, p. 11, paragraph 19.

D. **FACTS RELEVANT TO ALL CLAIMS FOR RELIEF**

   D.1. **The Agreement**

8. Integrative and Romark entered into an agreement titled Clinical Trial Agreement and a subsequent First Amendment (both hereinafter referred to as the "RM08-3007 Protocol Agreement"), effective as of May 4, 2020. *See* **Exhibit 1.**

9. Pursuant to the agreement and its first amendment, Integrative agreed to perform clinical trials for the drug Nitazoxanide for Romark's protocol entitled "*A*

*Randomized, Double-Blind, Placebo Controlled, Trial to Evaluate the Efficacy and Safety of Nitazoxanide for Post-Exposure Prophylaxis of COVID-19 and Other Viral Respiratory Illnesses in Healthcare Workers*", Protocol Number RM08-3007 (the "Protocol"), and Romark agreed to pay Integrative for the services to be rendered. *Id.*

10. On July 17, 2020, Integrative and Romark also entered into a First Amendment to the Clinical Trial Agreement under "RM08-3008 Protocol Agreement" (herein after the "First Amendment"). *See* **Exhibit 2**.

11. Pursuant to the First Amendment, the original Agreement was to be amended in order to increase the patient stipend for each subject, following IRB approval, from an original amount of $50.00 per visit to $100.00 per visit. As such, Exhibit A-Financial Provisions and Exhibit B-Payment Schedule, was amended to reflect the stipend increase of $100.00.

12. Integrative performed and rendered all the services as described and agreed to pursuant to the Clinical Trial Agreement. However, Integrative has not received full payment for the services rendered as of yet, reason why this action is imperative to receive the amounts still owed.

**D.2.   Romark's Failure to Pay**

13. The agreement reference above at paragraph number 8 provides that Romark was to pay a one-time, Start Up Fee of $6,000.00 for the study, (*see* Exhibit 1) and a *per diem* to the each of study's test subjects. *See*, **Exhibit 1.**

14. The agreement also requires monthly payments for services completed by Integrative and includes a schedule for amounts to be paid for said services rendered by Integrative. *See* **Exhibits 1 & 2**.

15. Integrative provided its services to Romark in compliance with its obligations under the Clinical Trial Agreement and First Amendment for Protocol Number RM08-3007 (hereinafter referred to as the "Agreement"), from on or about July 2020, through and including May of 2021.

16. According to the Clinical Trial Agreement for Protocol, RM08-3007, at Exhibit A, Financial Provisions, paragraph 9; the invoices, (including payment for services rendered and reimbursement of stipends advanced to valid subjects) would be automatically generated by the Sponsor Clinical Trial Management System (CTMS), based on study information entered in the electronic data capture system (EDC system). On the first business day of each calendar month, the Sponsor (Romark) would aggregate all invoices generated by CTMS on behalf of the Institution (in this case, Integrative), for the preceding calendar month. Accordingly, Romark was to issue payments to Integrative within **30 days thereafter**. *See*, **Exhibit 1,** pg. 15.

17. Under the RM08-3007 Protocol's Clinical Trial Agreement's Exhibit A, in order to be eligible for payment, "the procedures must be performed in full compliance with the Protocol and this Agreement, completed diaries must be collected, and data submitted must be complete, correct and entered into the Electronic Case Report Forms ("eCRF") in accordance with the Sponsor's Instructions and this Agreement." *See*, **Exhibits 1 and 2**.

18. In compliance with the Exhibit A's requirements for payment, the eCRF of Protocol RM08-3007 issued by Romark shows that the 63 subject studies evaluated in the RM08-3007 trial study were successfully completed. *See*, **Exhibit 3**: eCRF Report".

19. Romark generated the following invoices:

   a. RM3007- 100010 for $6,000.00 on July 22, 2020

   b. RM3007-10011 for $3,600.00 on July 22, 2020

   c. RM3007-100012 for $21,420.00 on July 22, 2020

   d. RM3007-10050 for $33,990.00 on August 5, 2020

   *See* **Exhibit 4**.

20. However, Romark failed to aggregate multiple invoices generated by the CTMS and also failed to remit payment for said services, as depicted in Table 1 below:

**Table 1. Delinquent Fees as to August 30, 2021**

| Services Provided by Integrative | Amount Due |
|---|---|
| Startup Fee   - Invoice 10010 | $6,000.00 |
| Site Visits   - Invoice 10011 | $3,600.00 |
| Site Visits   - Invoice 10012 | $21,420.00 |
| Site Visits   - Invoice 10050 | $33,990.00 |
| **SUBTOTAL** | **$65,010.00** |
| RM08-3007 Holdback amounts | 2,621.74 |
| **TOTAL** | **$62,388.26** |

21. Romark failed to account for/include the corresponding site visits included in the invoices number 739 and 746 for $220 and $3,080.00, respectively. *See* **Exhibit 6** at pages 27 and 31.

22. After several email communications from Integrative, following up on payment of the invoices due, on or around October 22, 2020, Romark issued a payment for $62,388.26, retaining $2,621.74 as a "holdback amount". *See* **Exhibit. 4 and Exhibit 7**.

23. Integrative issued invoices to Romark for the holdback amounts owed. To this day, the holdback amounts are still owed by Romark. **Exhibits 5, Open Balance Statement and 6- Invoices owed by Romark.**

24. Integrative continued performing its obligations under the clinical trial agreement and uploading the corresponding data to the ECFR.

25. On January 7, 2021, Mr. Yuryev contacted Romark's Accounting Department requesting the remittance statement, in order to reconcile the $19,084.35 payment made by Romark on December 31, 2020. *See*, **Exhibit 7**: Communications starting on January 7, 2021, pg. 4.

26. Romark's Accounting Department answered Mr. Yuryev's request attaching a detail explaining that the payment corresponded to invoice number 304 for $7,050.00 in another clinical trial agreement with Integrative, Protocol RM08-3008. And the balance of $12,034.35 corresponded to the net payment for August 2020 Subject Visits in the clinical trial agreement under Protocol RM08-3007, retaining $575.65 as the holdback amount (RM08-3007-10078). *See*, **Exhibit 7, pgs. 8-9, 11-13.**

27. Still, Romark failed to issue and pay invoices for the remaining services rendered during August through 2020 through April 2021, including the close-out and archiving fees as established on the clinical trial agreement. **Exhibits 1, 5 and 6**.

28. Several communications were exchanged from March through August 2021, and between Mr. Yuryev, and Mr. Jon Hart of Romark's Accounting Department, requesting updates for when payments would be issued to Integrative for completed subject visits in Protocols RM08-3007 and RM08-3008[1]. Responses were vague at that time. *See*, **Exhibit 7**, pgs. 14-33.

29. On April 8, 2021, Ms. Dena Mogelnicki, Clinical Operations Lead of Romark, wrote to Mr. Bardin of Romark stating that Mr. Yuryev contacted her for updates or information regarding payments for the Protocol, since Mr. Yuryev had not received any response from the Accounting Department. Mr. Bardin replied to both, Mrs. Mogelnicki and Mr. Yuryev, that he would take the communication to Mr. Kevin Cowley, who would be best qualified to provide a response. *See*, **Exhibit 7**: Communications starting on April 8, 2021, pgs. 17-18.

30. On July 6, 2021, Mr. Yuryev again communicated with Romark's Accounting Department, Mr. Cowley, Mr. Murman and Mr. Bardin to ask an update regarding the site payments. In response, Mr. Cowley replied on July 9, 2021, that Romark was hoping to make a payment as soon as possible, but that they were waiting for a decision from the Federal Drug Administration ("FDA") on their request for an Emergency Use Authorization. Per Mr. Cowley, once they would receive said

---

[1] No claim regarding Protocol RM08-3008 is included in this action.

response, Romark expected to be able to access capital fairly quickly, and get the owed balance settled. *See*, **Exhibit 7**: Communications starting May 6, 2021, pgs. 23, 26.

31. As such, Romark has admitted its delinquent status and breach of its obligation to pay for services rendered, as contracted in the Clinical Trial Agreement and its Amendment. *See*, **Exhibit 7**: Communications starting May 6, 2021, pgs. 23, 26-27, 31.

32. On August 3, 2021, Mr. Yuryev again communicated with Romark's Accounting Department, Mr. Cowley, Mr. Murman and Mr. Bardin, asking for an update of site payments, and even offering to discuss a payment plan with Romark, if they were unable to settle the entire outstanding balance amount. Again, no response was received from Romark *See*, **Exhibit 7,** pg. 33.

33. As of March of 2021, when the last service was rendered to Romark and up to the present day, Romark has failed to pay Integrative for the services it provided regarding trial study RM08-3007. The accumulated amounts for services rendered and still outstanding, past due and owing is $263,551.74, including the holdback amounts, the close out fees, the archiving fees and the disposition fees.

34. After demand for payment, conversations among the parties were held in an effort to obtain payment, without any resolution as to the issue of default.

**35.** No less than **$263,551.74**, remains owed and outstanding, including Holdback and Closeout Costs. *See* **Exhibit 5 and 6.**

36. Romark continues to fail to pay the amounts it owes to Integrative.

37. Romark's failure to pay has greatly harmed Integrative.

38. Based on Romark's prior failures and refusal to pay the amounts owed and outstanding, Integrative has a good faith and reasoned basis to suspect that Romark will not properly pay for the services already provided by Integrative under the Agreements. It is reasonable for Integrative to believe that Romark will continue to breach its contractual obligations.

39. The Agreement provides that it shall be governed by and construed under the laws of the State of Florida. *See* **Exhibit 1 & 2, ¶ 19**.

40. Plaintiff is entitled to prejudgment and post-judgment interest over the amounts owed. Fla. Stat. §55.03(1).

41. Considering the terms of the Clinical Trial Agreement for Protocol RM08- 3007, payment for services rendered by Integrative was due 30 days after the closing of the preceding calendar month. *See* **Exhibit 1, page 15**. The amounts accumulated under each monthly invoices accumulated interest, since each invoice was due in the following manner:

| Services Provided by Integrative[2] under Protocol RM08-3007 | Date | Due Date | Amount Due | Interest as set forth by the Chief Financial Officer |
|---|---|---|---|---|
| 393 | 06/01/2020 | 07/30/2020 | $169.92 | 6.03% to 6.66% |
| 394 | 06/30/2020 | 07/30/2020 | $972.69 | 6.03% to 6.66% |
| 746 | 06/30/2020 | 07/30/2020 | $220.00 | 6.03% to 6.66% |
| 739 | 07/30/2020 | 08/29/2020 | $43,080.00 | 6.66% |
| 395 | 07/31/2020 | 08/30/2020 | $1,479.13 | 6.66% |
| 745 | 08/28/2020 | 09/27/2020 | $9,410.00 | 6.03% |
| 733 | 09/30/2020 | 10/30/2020 | $34,320.00 | 5.37% to 6.03% |
| 734 | 10/30/2020 | 11/29/2020 | $57,600.00 | 5.37% |

---

[2] *See*, **Exhibit 6**:

| 735 | 11/30/2020 | 12/30/2020 | $57,990.00 | 5.37% |
|---|---|---|---|---|
| 736 | 12/30/2020 | 01/29/2021 | $48,390.00 | 4.81% to 5.37% |
| 447 | 01/07/2021 | 02/06/2021 | $4,700.00 | 4.81% |
| 448 | 01/07/2021 | 02/06/2021 | $1,440.00 | 4.81% |
| 449 | 01/07/2021 | 02/06/2021 | $2,560.00 | 4.81% |
| 474 | 01/14/2021 | 02/13/2021 | $1,200.00 | 4.81% |
| 475 | 01/14/2021 | 02/13/2021 | $1,320.00 | 4.81% |
| 737 | 01/30/2021 | 03/01/2021 | $28,200.00 | 4.81% |
| 743 | 02/26/2021 | 03/28/2021 | $6,630.00 | 4.81% |
| 744 | 03/30/2021 | 04/29/2021 | $870.00 | 4.31% to 4.81% |
| 738 | 04/30/2021 | 05/30/2021 | $3,000.00 | 4.31% |
| **TOTAL** | | | **$263,551.74** | |

42.     Plaintiff rendered all the services as contractually agreed, yet Romark failed to pay, thereby breaching the contract.

43.     As a direct result of Romark's breach of the Clinical Trial Agreement and its amendment, Plaintiff has been financially damaged and continues to suffer damages and loss.

44.     As a result of Romark's breach, it has become necessary for Plaintiff to incur and become obligated for attorney's fees and costs in connection with the prosecution of this action.

45.     Plaintiff is entitled to have Romark pay said fees pursuant to the terms of the Agreement and Fla. Stat. 57.150(7). The Agreement specifically provides that "The prevailing party in any enforcement action shall be awarded the costs and expenses (including reasonable attorney's fees) incurred by such prevailing party in preparing for and participating in such action, including any appeals thereof."

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

46. Integrative reavers and realleges the allegations set forth at paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. The Agreement is a valid and binding contract.

48. Integrative has performed its obligations under the Agreement.

49. Romark breached its obligations under the Agreement by failing to pay for services rendered by Integrative.

50. Integrative has been damaged as a result of Romark's breach, in an amount to be determined at trial, and after entry of judgment, as to interest, but in any event, the damages are no less than **$263,551.64**, plus interests to be computed from the earliest ascertainable date the cause of action existed and sums owed were liquidated.

51. All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

52. In the alternative, Romark has become unjustly enriched in detriment of Plaintiff, and Plaintiff is entitled to recovery as a matter of equity.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

53. Integrative reavers and realleges the allegations set forth above at paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

54. This is a case of actual controversy within the Court's jurisdiction.

55. Romark has materially breached the Agreement through its failures and refusal to pay for services provided by Integrative.

56. Integrative met all its obligations under the Agreement.

57. Plaintiff is uncertain as to the existence or non-existence and extent of Plaintiff's rights to recovery under the Agreement, and has an actual, practical and present need for a declaration by the Court that Romark has breached the Agreement and Integrative has complied with all its obligations under the Agreement, entitling Integrative to payment in full as well as pre- and post-judgment interest pursuant to Florida Law. Fed. R. Civ. Pr. 57; *Coastal Wellness Centers, Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1222 (S.D. Fla. 2018) (declaratory relief is appropriate even where other relief is available).

58. The Agreement states that in any enforcement action, the prevailing party shall be awarded the costs and expenses, including reasonable attorney's fees, incurred by such prevailing party in preparing for and participating in such action, including any appeals thereof.

59. Accordingly, this Court should declare that Integrative should be compensated for fully meeting its obligations under the Agreement.

60. This Court should also award Integrative interests to be computed from the earliest ascertainable date the cause of action existed, according to the law applicable to the Agreement, as well as costs and expenses, including reasonable attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant judgment in its favor and against Romark as follows:

1. At to the First Cause of Action, finding Romark in breach of the Agreement, and awarding Integrative damages from Romark in an amount to be determined at trial, but in all events, no less than $263,551.64, plus interests, costs and attorney's fees as agreed in the contract.

2. As to the Second Cause of Action, a declaratory judgment that Romark has materially breached the Agreement, that Integrative fully met its obligations under the Agreement, and that Integrative should be awarded costs and expense, including reasonable attorney's fees, under the Agreement, and pre- and post-judgment interest;

3. In the alternative, that Romark was unjustly enriched from its own breach, damaging Integrative, and that Integrative is entitled to payment, interest, costs and attorney's fees due to Romark's actions;

4. Awarding Integrative such other and further relief as the Court deems just and proper, including pre-judgment and post-judgment interest on all amounts owed, costs, expenses, and a reasonable amount for attorney's fees.

Respectfully submitted, this 16th day of February of 2022.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Thaïs Passerieu
THOMAS A. KELLER, ESQ.
Florida Bar No.: 0153354
tkeller@butler.legal
THAIS PASSERIEU, ESQ.
Florida Bar No.: 1003091
tpasserieu@butler.legal
knieman@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Local Counsel for Plaintiff, Integrative Clinical Trials, LLC*

*and*

GOLDMAN ANTONETTI & CÓRDOVA, LLC- *Pro Hac Vice to be filed*

BY: /S/ SOLYMAR CASTILLO MORALES/*Pro Hac Vice to be Filed*
Solymar Castillo Morales
USDC-PR 218310
scastillo@gaclaw.com
American International Plaza
Suite 1500
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel: (787) 759-4213