# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| **INTEGRATIVE CLINICAL TRIALS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **ROMARK GLOBAL PHARMA LLC,** <br><br> Defendant. | **CASE NO. 22 cv 00393** |

### MOTION FOR ENTRY OF DEFAULT JUDGMENT
### AS TO ROMARK GLOBAL PHARMA, LLC

**TO THE HONORABLE COURT:**

**NOW COMES** Plaintiff, **INTEGRATIVE CLINICAL TRIALS, LLC** ("Integrative"), by its undersigned counsel, and respectfully requests entry of a default judgment against Defendant, Romark Global Pharma LLC ("Romark"), and in support thereof STATES and PRAYS:

### I. INTRODUCTION

Plaintiff, Integrative Clinical Trials, LLC (hereinafter, "Integrative"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, respectfully moves for entry of a Default Judgment as to all Counts of the Complaint, as alleged against Defendant, Romark Global Pharma, LLC for

Romark's failure and refusal to pay Integrative no less than **$263,551.74,** exclusive of interest, attorney's fees, and litigation costs, owed and outstanding for multi-site clinical trial services provided by Integrative to Romark over the efficacy and safety of Nitazoxanide for post exposure prophylaxis of COVID-19, and other viral respiratory illnesses in healthcare workers (Protocol RM08-3007). Integrative seeks its damages, based on the monies owed, plus interest, together with costs, attorney's fees, and interest, to be submitted hereafter, in the above-captioned action. For the reasons stated below and, in the submissions herewith, Integrative respectfully requests that a Default Judgment be entered against Defendant Romark as to all claims.

Integrative moved for entry of default by the Clerk on April 13, 2022. *See* Docket No. 15. On April 14, 2022, the Clerk entered the default. *See* Docket Entry No.16. Integrative submits that a Default Judgment on all Counts should be entered against Defendant Romark, rendering it liable for its failure and refusal to pay Integrative no less than **$263,551.74**, exclusive of interest, attorney's fees, and litigation costs, which is owed and outstanding.

Further, Plaintiff asserts that, pursuant to the agreement known as Protocol RM08-3007, governed by and construed under the laws of the State of Florida, Plaintiff is entitled to prejudgment and post-judgment interest over the amounts owed, as per Fla. Stat. 57.150(7). *See* Docket 1 of Complaint, Dockets 1-1, ¶ 45.

Furthermore, pursuant the terms of the agreement, Integrative should be awarded its reasonable attorney's fees, costs, and expenses, in a submission to be filed

hereafter, and as incurred in the investigation, preparation and prosecution of the instant action.

## II. PROCEDURAL BACKGROUND

1. On March 16, 2022, plaintiff served Defendant with process through its resident agent CT Corporation. *See* Copies of the executed summons against defendant. Docket Entries ("Docket") 13, 14, 14-1.

2. More than twenty-one days have lapsed from the date of service. Under Fed. R. Civ. P. 12(a)(1), the deadline for Romark to respond passed. Defendant's responsive pleading was due on April 6, 2022. However, Romark failed to file or serve an Answer or any other responsive pleading and has not otherwise appeared to contest this action. Integrative moved for entry of default by the Clerk on April 13, 2022. See Docket No. 15. On April 14, 2022, the Clerk entered the default.

## III. FACTS

3. Integrative and Romark entered into an agreement titled Clinical Trial Agreement Protocol RM08-3007, effective as of May 4, 2020. *See* Docket 1-1.

4. Pursuant to the agreement, Integrative agreed to perform clinical trials for the drug Nitazoxanide for the Romark's protocol entitled "A Randomized, Double-Blind, Placebo Controlled, Trial to Evaluate the Efficacy and Safety of Nitazoxanide for Post-Exposure Prophylaxis of COVID-19 and Other Viral Respiratory Illnesses in Healthcare Workers", Protocol Number RM08-3007 (the

"Protocol"), and Romark agreed to pay Integrative for the services to be rendered. *See* Docket 1, Complaint, ¶ 9, Docket 1-1.

5. On July 17, 2020, Integrative and Romark also entered into a First Amendment to the Clinical Trial Agreement under "RM08-3007 Protocol Agreement" (herein after the "First Amendment"). Docket 1-4.

6. The agreement provided for payment by Romark of a one-time Start Up Fee of $6,000.00, a per diem to the study's subjects, as well as monthly payments for completed services as per the included payment schedule. *See* Docket 1, Complaint, ¶¶ 10-13, Docket 1-3.

7. According to the Clinical Trial Agreement for Protocol, RM08-3007, Exhibit A, Financial Provisions, paragraph 9, invoices, (including payment for services rendered and reimbursement of stipends advanced to valid subjects) would be automatically generated by the Sponsor Clinical Trial Management System (CTMS) based on study information entered in the electronic data capture system (EDC system). On the first business day of each calendar month, the Sponsor (Romark) would aggregate all invoices generated by CTMS on behalf of the Institution, in this case Integrative, for the preceding calendar month and issue payments to Integrative within **30 days thereafter**. *See* Docket 1, Complaint, ¶ 16, Docket 1-3.

8. Integrative provided its services to Romark in compliance with its obligations under the Clinical Trial Agreement for Protocol Number RM08-3007, from in or around July 2020 through and including May of 2021. *See,* Docket 1, Complaint, ¶ 15.

9.  The most recent total of the accrued amounts resulted in Romark being delinquent in paying **$263,551.74**. The sum is due and owing since May 2021. *See*, Docket 1, Complaint, ¶¶ 18-20 and Table 1 pg. 6, Docket 1-1 and 1-6. The total, with interest, can be ascertained as follows:

| Services Provided by Integrative[1] under Protocol RM08-3007 | Date | Due Date | Amount Due | Interest as set forth by the Chief Financial Officer [2] |
|---|---|---|---|---|
| 393 | 06/01/2020 | 07/30/2020 | $169.92 | 6.03% to 6.66% |
| 394 | 06/30/2020 | 07/30/2020 | $972.69 | 6.03% to 6.66% |
| 746 | 06/30/2020 | 07/30/2020 | $220.00 | 6.03% to 6.66% |
| 739 | 07/30/2020 | 08/29/2020 | $43,080.00 | 6.66% |
| 395 | 07/31/2020 | 08/30/2020 | $1,479.13 | 6.66% |
| 745 | 08/28/2020 | 09/27/2020 | $9,410.00 | 6.03% |
| 733 | 09/30/2020 | 10/30/2020 | $34,320.00 | 5.37% to 6.03% |
| 734 | 10/30/2020 | 11/29/2020 | $57,600.00 | 5.37% |
| 735 | 11/30/2020 | 12/30/2020 | $57,990.00 | 5.37% |
| 736 | 12/30/2020 | 01/29/2021 | $48,390.00 | 4.81% to 5.37% |
| 447 | 01/07/2021 | 02/06/2021 | $4,700.00 | 4.81% |
| 448 | 01/07/2021 | 02/06/2021 | $1,440.00 | 4.81% |
| 449 | 01/07/2021 | 02/06/2021 | $2,560.00 | 4.81% |
| 474 | 01/14/2021 | 02/13/2021 | $1,200.00 | 4.81% |
| 475 | 01/14/2021 | 02/13/2021 | $1,320.00 | 4.81% |
| 737 | 01/30/2021 | 03/01/2021 | $28,200.00 | 4.81% |
| 743 | 02/26/2021 | 03/28/2021 | $6,630.00 | 4.81% |
| 744 | 03/30/2021 | 04/29/2021 | $870.00 | 4.31% to 4.81% |
| 738 | 04/30/2021 | 05/30/2021 | $3,000.00 | 4.31% |
| TOTAL | | | $263,551.74 | |

---

[1] *See*, **Exhibit 6** to Complaint, D.E. 1-8.
[2] *See* the applicable rate sheet at  https://myfloridacfo.com/division/aa/local-governments/judgement-interest-rates (last accessed June 8, 2022)

10. After demand for payment, the parties held conversations in an effort to obtain payment, without objection to the amounts owed but also without any resolution to the issue of default. Dockets 1-4 to 1-7. Based on Romark's prior failures and refusal to pay the amounts owed and outstanding, Integrative has a good faith and reasoned basis to suspect that Romark will not properly pay for the services already provided by Integrative under the Agreements. Romark's default is properly and conclusively established, and it so remains as to the present day.

11. Plaintiff reiterates that the Summons and Complaint in this matter were served upon Romark on March 16, 2022, through its resident agent CT Corporation, and the time for Romark to serve a responsive pleading or motion has expired, without the requisite response filed. *See* Dockets 13,14, 14-1. The Clerk has now entered a Default. Plaintiff, Integrative Clinical Trials, LLC, respectfully submits that entry of Default Judgment against Defendant, Romark Global Pharma, LLC, is proper and warranted.

## IV. ARGUMENT

### A. LEGAL STANDARD FOR DEFAULT JUDGMENT

Rule 55(a) of the Federal Rules of Civil Procedure provides that: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A default under Rule 55(a) is thus defined as when a defendant has failed to plead or otherwise respond to the complaint within the requisite time to do so, as per the Federal Rules of Civil Procedure. *New York Life Ins. Co. v.*

*Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *SIGNATURE FINANCIAL LLC,v. ABDUWOSIT RAZIKOV, No. 620CV1190ORL22DCI, 2020* WL 13120135, at *1 (M.D. Fla. Nov. 6, 2020), *report and recommendation adopted sub nom. Signature Fin. LLC v. Abduwosit Razikov, No.* 620CV1190ORL22DCI, 2020 WL 13120138 (M.D. Fla. Nov. 24, 2020).

Rule 55 sets out a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. Fed.R.Civ.P. 55(a). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending. Fed.R.Civ.P. 55(b)(2). *See* e.g. *Bardfield v. Chisholm Properties Cir. Events, LLC*, No. 309CV232/MCREMT, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010), report and recommendation adopted, No. 3:09CV232/MCR/EMT, 2010 WL 2278459 (N.D. Fla. June 4, 2010).

The Clerk or the Court may enter default judgment in this case. Rule 55(b)(1) permits a Clerk of the Court to enter a default judgment only if (1) the defendant has made no appearance; (2) the defendant is not a minor or incompetent, and (3) the claim against the defendant is for a sum certain. See, 10 Moore's Federal Practice, §55.20 (Matthew Bender 3rd ed.); *Franchise Holding Il, LLC v. Huntington Rest.s' Group, Inc.* 375 F.3d 922, 927-929 (9th Cir. 2004), (negotiations did not constitute "appearance" when defendant never filed pleading, motion, or other paper to show intent to oppose suit; when loan documents showed principle and interest due, suit

was for "sum certain" and clerk had power to enter default judgment). A Clerk of Court may enter a default judgment against the defaulting party on plaintiff's application when the claim is for a sum certain or a sum that a simple computation can be made certain. A sum is certain if no doubt remains as to the amount due to plaintiff from defendant, and to which plaintiff is entitled due to the defendant's default. *Franchise Holding II, LLC v. Huntington Rests Group, Inc.*, 375 F.3d 922, 928-929 (9th Cir 2004); *KPS & Assoc v. Designs by FMC, Inc.* 318 F.3d 1, 19-20 (1st Cir 2003)

Plaintiff hereby submits Dr. Michael Yuryev, president of Integrative, unsworn statement under penalty of perjury confirming the amounts owed by Romark, as kept under the ordinary course of the corporate business records. **Exhibit A**.

### B. THE AGREEMENT BETWEEN THE PARTIES AND THE INVOICES EVIDENCING THE SERVICES PROVIDED UNDER THE AGREEMENTS, INCLUDED AS EXHIBITS TO THE COMPLAINT, ARE ENOUGH FOR DEFAULT JUDGMENT TO BE ENTERED AGAINST ROMARK

The Agreement between the parties and the invoices evidencing the services provided under the Agreement, which were included as exhibits to the complaint, are enough for Default Judgment to be entered against Romark.  Therefore, Plaintiff asserts that Default Judgment for Breach of Contract against Romark Global Pharma, LLC is proper under Fed. R. of Civ. Proc. 55(a) and 55(b)(1). Defendant has failed to appear, to respond to the Complaint served on March 16, 2022, or to otherwise plead. A Clerk's default has already been entered.

Integrative avers that Romark owes a sum certain to Plaintiff as the Company breached its Contract (Protocol RM08-3007) with Integrative. Plaintiff submits that

there can be no dispute that the Defendant breached the contract with Integrative, as memorialized by the Clinical Trial Agreement for Protocol, RM08-3007 and its amendment ("Agreement"). As such, Defendant is liable for damages, attorney's fees, costs and expenses, and statutory interest.

**1) Florida law governs this contract**

The parties selected Florida law and this forum to govern the Agreement. The Agreement provides that it shall be governed by and construed under the laws of the State of Florida. *See* Dockets No. 1-1 and 1-3, ¶ 19 pg. 11. Under Florida contract law,[3] it is a basic contract principle that first, the plain meaning of the contract should be examined without considering exterior elements. Florida contract law dictates that:

> . . . [A] court must first examine the natural and plain meaning of a contract. *Key v. Allstate Ins. Co.,* 90 F.3d 1546, 1548–49 (11th Cir.1996). If the terms are clear and unambiguous, the court should interpret the agreement in accordance with its plain meaning. *Id.* at 1549. An ambiguity does not exist merely because a contract requires interpretation or fails to define a term. *Id.* On the other hand, if the agreement is ambiguous, the court may look beyond the contractual language to examine the intent of the parties in making the agreement. *Id.*

---

[3] Integrative is also entitled to prejudgment and post-judgment interest over the amounts owed. *See Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1297 (11th Cir. 2002). ("[T]he general rule in contract cases is that the prevailing party receives prejudgment interest on its award, and that is so even if the losing party is the State or one of its subdivisions. *See Broward County v. Finlayson,* 555 So.2d 1211, 1213 (Fla.1990); *see also Public Health Trust of Dade County v. State,* 629 So.2d 189, 190 (Fla. 3d DCA 1993); *City of Cooper City v. PCH Corp.,* 496 So.2d 843, 847 (Fla. 4th DCA 1986); *Broward County v. Sattler,* 400 So.2d 1031, 1032–33 (Fla. 4th DCA 1981)) and Fla. Stat. § 55.03 as to post judgment interest.

*Fla. Mun. Power Agency v. Fla. Power & Light Co.,* 81 F. Supp. 2d 1313, 1329 (M.D. Fla. 1999)

As a general rule, absent an ambiguity, courts will not resort to any extrinsic evidence beyond the text of the written contract. See *Wheeler v. Wheeler, Erwin & Fountain, P.A.*, 964 So. 2d 745, 749 (Fla. Dist. Ct. App. 2007). Also, "in the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence." *Lee v. Montgomery,* 624 So.2d 850, 851 (Fla. 1st DCA 1993).

In addition, in Florida, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citation omitted)). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.* (citing *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)). See *Phawa, LLC v. Marjaba Imp. & Exp. Corp.*, No. 21-22208-CV, 2021 WL 4150842, at *2 (S.D. Fla. Aug. 26, 2021), report and recommendation adopted, No. 21-CV-22208, 2021 WL 4147770 (S.D. Fla. Sept. 13, 2021). The validity of the Agreement is undisputed, thus, performance and breach remain.

**2) Integrative has performed all its obligations under the Agreement**

In this case, it is undisputed that Integrative adequately performed its obligations under the Agreement and followed the specifications as set forth within the four corners of the Agreement. *See*, Docket 1, Complaint, ¶ 12, Docket 1-2, 1-3 and 1-8: Excel Spreadsheet generated by Romark. According to the RM08-3007 Protocol's

Clinical Trial Agreement's Exhibit A, in order to be eligible for payment, "the procedures must be performed in full compliance with the Protocol and this Agreement, completed diaries must be collected, and data submitted must be complete, correct and entered into the Electronic Case Report Forms ("eCRF") in accordance with the Sponsor's Instructions and this Agreement". *See*, Docket 1-1.

In compliance with the Exhibit A's requirements for payment, the eCRF of Protocol RM08-3007 issued by Romark shows that the 63 subject studies evaluated in the RM08-3007 trial study were successfully completed. *See*, Docket 1-5: Excel Spreadsheet generated by Romark.

Based on the invoices detailing the amounts owed, Mr. Michael Yuryev's unsworn statement under penalty of perjury (**Exhibit A**), and the four corners of the Agreement, it is also undisputed that Romark breached the agreement between the parties by continuing to fail to pay the amounts it owed and owes to Integrative, while integrative provided all the contracted-for services. This, in turn, has caused harm to Integrative.

Under Florida law, "[t]o show entitlement to damages under a breach-of-contract theory, the plaintiff must "prove by a preponderance of the evidence the existence of a contract, a breach, and damages flowing from the breach." *Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am., Inc.*, 611 So.2d 564, 565 (Fla. 4th DCA 1992) (citing *Knowles v. C.I.T. Corp.*, 346 So.2d 1042 (Fla. 1st DCA 1977)) (emphasis added). *Handi-Van, Inc. v. Broward Cty.*, 116 So. 3d 530, 541 (Fla. Dist. Ct. App. 2013). Romark's liability is undisputed by virtue of its debt and default. As to the damages,

they are set forth in Mr. Yuryev's unsworn statement under penalty of perjury and the attached unpaid invoices.

### 3) Romark breached and the debt is ascertained or ascertainable

It is further undisputed that Romark recognized and acknowledged the debt Romark had incurred with Integrative and attempted to placate its creditor with a promise of future payment. Indeed, Romark promised, via email, that payment would be forthcoming. *See*, Docket 1, Complaint, ¶ 12, Docket 1-4-7, pgs. 1-2, 4-5; Exhibit 7 to the Complaint, Docket 1-9, pp. 2, 16.

Moreover, as a defendant in default, Romark has accepted all well pled allegations as to liability and can no longer defend or contest them. *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). (defaulted defendants admit well pled allegations as to liability, but the amount and character of the damages is set by the Court).

Romark accumulated and is delinquent in paying **$263,551.74**. *See*, Docket 1-8, **Exhibit 6 (invoices) and the following table detailing the amounts owed.**

**Table 1. Delinquent Fees as of May 2021**

| Services Provided by Integrative[4] under Protocol RM08-3007 | Invoice Date | Due Date | Amount Due | Interest due from the due date to 06/08/2022 |
|---|---|---|---|---|
| 393 | 06/01/2020 | 07/30/2020 | $169.92 | $14.66 |
| 394 | 06/30/2020 | 07/30/2020 | $972.69 | $83.90 |
| 746 | 06/30/2020 | 07/30/2020 | $220.00 | $18.98 |
| 739 | 07/30/2020 | 08/29/2020 | $43,080.00 | $3,503.03 |
| 395 | 07/31/2020 | 08/30/2020 | $1,479.13 | $120.03 |
| 745 | 08/28/2020 | 09/27/2020 | $9,410.00 | $718.66 |
| 733 | 09/30/2020 | 10/30/2020 | $34,320.00 | $2,458.71 |
| 734 | 10/30/2020 | 11/29/2020 | $57,600.00 | $3,872.97 |
| 735 | 11/30/2020 | 12/30/2020 | $57,990.00 | $3,635.43 |
| 736 | 12/30/2020 | 01/29/2021 | $48,390.00 | $2,835.20 |
| 447 | 01/07/2021 | 02/06/2021 | $4,700.00 | $271.04 |
| 448 | 01/07/2021 | 02/06/2021 | $1,440.00 | $83.04 |
| 449 | 01/07/2021 | 02/06/2021 | $2,560.00 | $147.63 |
| 474 | 01/14/2021 | 02/13/2021 | $1,200.00 | $68.41 |
| 475 | 01/14/2021 | 02/13/2021 | $1,320.00 | $75.25 |
| 737 | 01/30/2021 | 03/01/2021 | $28,200.00 | $1,537.05 |
| 743 | 02/26/2021 | 03/28/2021 | $6,630.00 | $337.78 |
| 744 | 03/30/2021 | 04/29/2021 | $870.00 | $41.12 |
| 738 | 04/30/2021 | 05/30/2021 | $3,000.00 | $130.80 |
| **TOTAL** | | | **$263,551.74** | **$19,953.69[5]** |

In cases of default, the Court determines the amount and character of damages to be awarded. *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346

---

[4] *See*, **Exhibit 6** to Complaint.
[5] The *per diem* amount after June 8, 2022 is $2.32

(M.D. Fla. 1999)). It is unnecessary to hold a hearing when entering a final default judgment, "if the damages are liquidated or ascertainable from documentary evidence or affidavits." *Shandong Airlines Co., Ltd. v. Capt, LLC*, 650 F.Supp.2d 1202, 1207 (M.D. Fla.2009) (citing *Directv, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343–44 (M.D. Fla. 2003)).

The sums being requested by Plaintiff are certain or can be confirmed by computation. All the claims are stipulated under the Agreement between the Parties, and Integrative's entitlement to attorney's fees is provided by the plain language of the Agreement. *See* Complaint at ¶58 and Agreement Docket 1-3 at page 11 of 18, ¶19.

In summary, Romark owes Integrative:

| | |
|---|---|
| Overdue invoices for services rendered: | **$263,551.74** |
| **Prejudgment interest:** | **$19,953.69 as of June 8, 2022.** |
| **Attorneys' Fees:** | **$ to be submitted** |
| **Costs:** | **$ to be submitted** |
| **Post- Judgment Interest:** | **$ to be taxed** |
| **Total:** | |

## IV. CONCLUSION

Plaintiff submits that there can be no dispute that the Defendant breached the contract with Integrative, as memorialized by the Clinical Trial Agreement for Protocol, RM08-3007 and its amendment, in which Defendant is liable for damages, attorney's fees, costs and expenses, and statutory interest. Pursuant to Fed. R. Civ. P.

55(a)(1) and Fed. R. Civ. P. 55(b)(1), Plaintiff, Integrative hereby requests that this Court enter judgment by default in this matter against Defendant Romark on the grounds that said defendant has failed to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure and the claim against the defendant is for a sum certain.

The plaintiff hereby certifies that the defendant, Romark Global Pharma LLC is not a minor, incompetent, or active in the military service, nor is part of the government, or agency of the United States. Integrative also certifies that the defendant is not a foreign state or political subdivision, agency or instrumentality of a foreign state.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a default judgment against the defendant, Romark Global Pharma LLC, as follows:

1. At to the First Cause of Action, finding Romark in breach of the Agreement, and awarding Integrative damages for the sum certain of **$263,551.74**, plus the statutory rate of interest, including prejudgment interest since each of the invoices were due, and post judgment interest, - as per Fla. Stat. 57.150(7).

2. As to the Second Cause of Action, a declaratory judgment that Romark has materially breached the Agreement, that Integrative fully met its obligations under the Agreement, and that Integrative should be awarded costs and expense, including reasonable attorney's fees, under the Agreement.

Integrative further requests any further relief this Court deems just and proper.

**Respectfully submitted.**

## CERTIFICATE OF SERVICE

**WE CERTIFY**: That on this same date this document was filed with the Court's CM/ECF System, which will send copies to all counsels of record for the interested parties. WE FURTHER CERTIFY that a copy of this Motion and of the Clerk's Default will be mailed by certified and regular mail to the address of service for Defendant.

In Tampa, Florida, this 10th day of June 2022.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/Thaïs Passerieu_____
THOMAS A. KELLER, ESQ.
Florida Bar No.: 0153354
tkeller@butler.legal
THAIS PASSERIEU, ESQ.
Florida Bar No.: 1003091
tpasserieu@butler.legal
knieman@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
*Local Counsel for Plaintiff, Integrative Clinical Trials, LLC*

*and*

GOLDMAN ANTONETTI & CÓRDOVA, LLC- *Admitted Pro Hac Vice*

BY: /S/ SOLYMAR CASTILLO MORALES/*Pro Hac Vice*
Solymar Castillo Morales
USDC-PR 218310
scastillo@gaclaw.com

American International Plaza
Suite 1500
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel: (787) 759-4213